**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alonza Dontae Marable, Jr., Appellant.

Appellate Case No. 2023-000988

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-396
Submitted July 1, 2026 – Filed August 5, 2026

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:**  Alonza Dontae Marable, Jr. appeals his convictions for murder and assault and battery of a high and aggravated nature (ABHAN), and concurrent sentences of thirty years' imprisonment for murder and fifteen years' imprisonment for ABHAN.  On appeal, Marable argues the trial court erred by denying his motion for a mistrial "when the juror's questions before the conclusion of the evidence indicated they engaged in premature deliberations."  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it denied Marable's motion for a mistrial.  *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id.* at 63, 530 S.E.2d at 628 ("A mistrial should only be granted when absolutely necessary.").  We find the court conducted a proper inquiry into the alleged premature deliberations by reading the jury's note into the record, hearing arguments from both parties outside the jury's presence, and considering the jury's note in its entirety.  *See State v. Aldret*, 333 S.C. 307, 313, 509 S.E.2d 811, 814 (1999) ("[T]he trial court has broad discretion in assessing allegations of juror misconduct."); *id.* at 312, 509 S.E.2d at 813 ("[P]remature jury deliberations may affect 'fundamental fairness' of a trial such that the trial court *may inquire* into such allegations and *may consider* affidavits in support of such allegations." (emphases added)); *id.* at 315, 509 S.E.2d at 815 (holding that if an allegation of premature deliberations arises, "the trial court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial"); *State v. Hoffman*, 312 S.C. 386, 392, 440 S.E.2d 869, 873 (1994) (highlighting that the trial court "considered the note in its entirety, and in exercising [its] discretion, found that the note showed that the jury was merely attempting to define their role in the trial process rather than deliberating on the merits").  In addition, Marable did not request the court question the jurors or conduct *any* further inquiry.  *See Aldret*, 333 S.C. at 315, 509 S.E.2d at 815 ("*If requested by the moving party*, the court may *voir dire* the jurors and, if practicable, 'tailor a cautionary instruction to correct the ascertained damage.'" (emphasis added) (quoting *United States v. Resko*, 3 F.3d 684, 695 (3d Cir. 1993))).  Moreover, to the extent that Marable argues the trial court "did not follow the procedure regarding how to deal with premature deliberations," we hold the trial court was not required to consider the question of prejudice during the hearing, per *Aldret*, because it previously determined there was no evidence of premature deliberations.  *See id.* at 315, 509 S.E.2d at 815 (holding that if an allegation of premature deliberations arises during trial, "the trial

court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial").

We also hold Marable failed to prove prejudice. *See id.* at 313-14, 509 S.E.2d at 814 (declining to find that automatic reversal was required in "cases of internal misconduct consisting of premature deliberations"); *id.* at 315, 509 S.E.2d at 815 ("The burden is on the party alleging premature deliberations to establish prejudice."). Marable failed to put forth *any* evidence that the alleged premature deliberation was prejudicial, the court advised the jury it "must not discuss [the] case with anyone" during its initial jury instructions, and gave a comprehensive curative instruction following the jury's note. *See State v. Young*, 420 S.C. 608, 623, 803 S.E.2d 888, 896 (Ct. App. 2017) (presuming "the [curative instruction] worked, for [the appellate courts] also presume juries follow their instructions"); *Hoffman*, 312 S.C. at 392, 440 S.E.2d at 873 (reasoning the trial court properly denied the defendant's mistrial motion because the trial court "gave a standard instruction forbidding premature juror discussion *sua sponte*, and after the jury's note, the trial [court] gave a curative instruction").

Next, to the extent Marable argues his case requires reversal akin to the court's holding in *State v. Gill*,[1] we hold this argument is without merit because Marable failed to provide any evidence that the court in this case gave the jurors an improper instruction "that amounted to an invitation to the jurors to begin their deliberations before the close of the case." *See Gill*, 273 S.C. at 192, 255 S.E.2d at 457 (holding it was error for trial court to give jurors an instruction which advised them that it was proper for them to begin their deliberations before the close of the case so long as they confined the deliberations to the jury room); *id.* (finding "[t]he trial [court's] improper instruction amounted to an invitation to the jurors to begin their deliberations before the close of the case," which "was inherently prejudicial and require[d] reversal").

Finally, as to Marable's argument that if this court elects not to reverse, the "proper remedy would be a remand for a hearing pursuant to *Aldret*," we hold this argument is without merit because the allegation of premature deliberations arose *during trial*, and the trial court conducted a hearing on the record and determined there was no evidence the jury engaged in premature deliberations. *See Aldret*, 333 S.C. at 313, 509 S.E.2d at 814 ("[T]he trial court has broad discretion in assessing allegations of juror misconduct."); *id.* at 315, 509 S.E.2d at 815 (holding that if an allegation of premature deliberations arises during trial, "the trial court should

---

[1] 273 S.C. 190, 255 S.E.2d 455 (1979).

conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.